IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Victor White,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>Warden of FCI Estill,<br><br>　　　　　　Respondent. | Civil Action No.: 8:15-cv-01799-BHH-JDA<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

Petitioner brought this action pro se, seeking relief pursuant to 28 U.S.C. § 2241. [Doc. 1.] On August 17, 2015, Respondent filed a motion to dismiss. [Doc. 30.] By Order of this Court on August 18, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to adequately respond to the motion. [Doc. 32.] Despite this explanation, Petitioner failed to respond to the motion.[*]

As Petitioner is proceeding pro se, the Court filed an Order dated September 24, 2015, allowing Petitioner through October 14, 2015 to file his response to Respondent's motion. [Doc. 37.] Petitioner was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. [*Id.*] However, Petitioner has failed to respond to the motion.

Based on the foregoing, it appears Petitioner no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an

---

[*] On September 3, 2015, a letter, which the Clerk of Court appropriately styled a motion to appoint counsel, was filed on behalf of Petitioner. [Doc. 34.] It appears this letter was mailed by Petitioner to the Federal Public Defender's office, which in turn mailed it to the Court for filing. [Doc. 34-2.] The undersigned denied Petitioner's motion to appoint counsel on September 4, 2015. [Doc. 35.]

action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

Because Petitioner is proceeding pro se, he is personally responsible for his failure to file a response. Petitioner has had over two months to respond to the motion to dismiss. Under the *Roseboro* Order, Petitioner's initial response was due by September 21, 2015, and despite being advised of the possible consequences if he failed to adequately respond, Petitioner elected not to respond. The Court filed a second Order, reminding Petitioner a response was due, giving him additional time—until October 14, 2015—to respond, and warning him the case would be dismissed pursuant to Rule 41(b) if he failed to file a response. Despite this explanation, Petitioner has elected not to respond. Because Petitioner has already ignored Court Orders and deadlines, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

October 20, 2015
Greenville, South Carolina