IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Victor White, | ) Civil Action No.: 8:15-1799-BHH |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| Warden of FCI Estill, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner Victor White ("Petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin, for pre-trial proceedings and a Report and Recommendation ("Report").

On August 17, 2015, Respondent Warden of FCI Estill ("Respondent") filed a motion to dismiss. (ECF No. 30.) Since Petitioner is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on August 18, 2015, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response to Respondent's motion. (ECF No. 32.) In that order, Petitioner was advised of the possible consequence of dismissal if he failed to respond adequately, however, Petitioner failed to file a response. Thus, Magistrate Judge Austin recommended that this action be dismissed for lack of prosecution. (ECF No. 40.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. See *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portion of the Report and

-2-

Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted). The Magistrate Judge advised Petitioner of his right to file specific objections to the Report. (ECF 40-1.) Petitioner has filed no objections and the time for doing so expired on November 6, 2015.

After a thorough review of the record of this matter, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 40) by reference into this order.

It is therefore ORDERED that this action be dismissed *with prejudice* for lack of prosecution pursuant to Fed.R.Civ.P. 41(b).

IT IS SO ORDERED.

/s/ Bruce Howe Hendricks
United States District Judge

Greenville South Carolina
December 2, 2015

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.